**Alagie SONKO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 02–70226.**
**INS No. A75–251–602.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM**

Alagie Sonko, a native and citizen of Gambia, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's ("IJ") denial of his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review for substantial evidence factual determinations concerning a petitioner's eligibility for asylum, and must uphold them unless the evidence compels a contrary result. *INS v. Elias–Zacarias,* 502 U.S. 478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition.

We conclude that the BIA's determination that Sonko did not demonstrate a well-founded fear of future persecution on account of any enumerated ground is supported by substantial evidence. *See Prasad v. INS,* 47 F.3d 336, 338 (9th Cir.1995). Sonko testified that in Gambia he was a member of Fulan Kafo, a charitable organization. After he left Gambia, several members of the Fulan Kafo were arrested for their participation in a mass strike. We agree that this is insufficient evidence to demonstrate a well-founded fear of future persecution. *See id.* at 339.

Sonko, in failing to qualify for asylum, necessarily failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995).

We do not consider Sonko's contention that the IJ failed to provide cogent reasons for finding Sonko not credible because the BIA conducted a de novo review and our review is therefore limited to the BIA's decision. *See Molina–Morales v. INS,* 237 F.3d 1048, 1050 (9th Cir.2001).

**PETITION FOR REVIEW DENIED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

